Opinion of the court delivered by
Judge Peck.
This cause was heard before the circuit court upon a petition to quash sundry executions. By an exception taken to the opinion of the court, two points are raised: first, where witnesses are summoned in many cases, and by the act of Assembly authorized to prove and have thei per diem pay allowed in each case, (act 1815, ch. 59,) can they also in each case prove and have allowed thetn their mileage and ferriage? Second: Shall attendance and mileage of witnesses be stricken out of bills of cost, where no subpcena can be found on file for such witness, although it appears by the witness docket, that such witnesses proved their attendance?
In formbr times, abuses had, as the courts believed, grown out of the indulgence of permitting witnesses to prove attendance, mileage, &c. in each" and every suit in which such witnesses had been summoned. The courts, by a rule of their own, restrained what they deemed an imposition, and allowed to the witnesses summoned to the same court, mileage, ferriage and attendance but in one case. In a case decided at Rogersville, in the supreme court, (York vs. Nelson) the question was made, whether a witness summoned in more than one case, could have *324 bis attendance allowed in all. The court ruled that he should be allowed in but one. The legislature however, thought proper, to interfere, and passed the act of 1815, ch. 59, providing, that “where any witness is duly notified to give evidence in any suit depending in any court in this State, said witness shall be at full liberty to prove his attendance in each and every suit he, she or they, are legally summoned to attend, any law, usage or custom to the contrary notwithstanding.”
To give a proper construction to this act, we must look to what was intended to be remedied. The evil, if it could be called one, was denying the witness the right to claim an attendance in as many cases as he might contrive to have himself summoned to attend. The courts had lopped off mileage, ferriage and per diem pay, in all save one case. How far is this altered by the act of 1815? We say only as to the per diem pay; for the previous laws as understood and construed by the courts, were before the legislature when it passed this act; and so far as the legislature has made express conflicting provisions, we of course are bound, but no further. We take the term attendance, used in the act of 1815, to apply to the daily pay allowed for appearance at court, and not to mileage, ferriage, &c. The witness, for travelling and ferriages at the rate specified in the acts, will be allowed it in one ■ case, but he must elect in which one he will have it, and prove as to mileage and ferriage in that case alone.
On the other point made; shall the witness have his attendance disallowed in all cases, unless a subpoena can be found, showing that he has been summoned, although it does appear he has proved his attendance? Where a witness proves his attendance, the presumption is, the record justified it. If improperly proved in term time, the law supposes it a public act, known to the parties, and if unauthorized for want of being summoned, the court below, on a motion for that purpose, would order the attendance to be disallowed. If proved within five days after the rise of the court, before the clerk, the presumption is, that he had examined, and from the record *325 discovered his right to prove under a summons. With the return of the subpoena, or the preservation of it after returned, the witness has nothing to do. If not returned, or it is lost after being returned, the witness should not be prejudiced thereby.
Subordinate to this, another question is made; whether the memoradum kept by the clerk, is any evidence of probates. The law has prescribed no form of keeping thesejpemoradums; the practice in the county and in the circuit courts has been different Wc cannot see, in the cause before us, that the memoranda is so imperfect, that a taxation of costs cannot be predicated on it; on the contrary it is intelligible. What has been remarked of returning and preserving subpoenas, is applicable to this duty; it is for the clerk to keep the evidence of attendance. In favor of the witness’ probate, reasonable in-tendment will be made, and in the present case, we find a connexion and fitness in the memoradum kept by the clerk, from which he may safely tax the cost of attendance.
Persons being witnesses, and being also parties to other suits, is no objection to such person proving his attendance. Such persons can be witnesses, and consequently • are entitled to their pay as such.
Judgment affirmed.